In re: In the Interest of
M.C.W., A Child.

No. 07–13–00115–CV.

Court of Appeals of Texas,
Amarillo.

May 16, 2013.

Abe Lopez, pro se.

Suzie D. Shay and Benjamin Garcia, for
Travis Ware.

Aubrey J. Fouts, for Tammie Imel.

Before QUINN, C.J., and CAMPBELL
and PIRTLE, JJ.

PER CURIAM.

Pending before the court is the petition
of Tammie Imel for a writ of mandamus.
Through it, she asks us to review the order
of the Hon. Abe Lopez, 140th District
Court of Lubbock County, Texas, tempo-
rarily modifying various terms and condi-
tions of a child custody or possession de-
cree. Allegedly, the evidence presented at
the hearing from which the order emanat-
ed is insufficient to satisfy the statutory
requirements permitting the modification.
*See* TEX. FAM.CODE ANN. § 156.006(b) (West
Supp.2012) (specifying the elements autho-
rizing modification of an order appointing
the parent having the exclusive right to
designate the primary residence of the
child). So, "[b]ased on the absence of
evidence to meet the criteria required for
the applicable statute, the Relator respect-
fully requests [this] Court to find that the
trial court abused [its] discretion by
fail[ing] to apply the facts to the applicable
law correctly in this case, and that this
Court order the trial court to dissolve and
vacate the Temporary Orders entered in
this proceeding." We deny the petition.

■ " 'It is well established Texas law
that an appellate court may not deal with
disputed areas of fact in an original man-
damus proceeding.' " *In re Angelini*, 186
S.W.3d 558, 560 (Tex.2006) (orig. proceed-
ing); *In re Thorpe*, No. 07–10–00341–CV,
2010 WL 3619552, at *1–2, 2010 Tex.App.
Lexis 7681, at *3–4 (Tex.App.-Amarillo
2010, orig. proceeding) (stating that an
appellate court cannot resolve questions of
fact in a mandamus proceeding). The pe-
tition at bar effectively asks us to violate

the aforementioned restrictions. Its tenor is in the nature of an attack upon the sufficiency of the evidence underlying the trial court's finding regarding changed circumstances and the best interests of the child. And, while the relator suggests otherwise, there is evidence which a rational factfinder could interpret as satisfying those requirements. That evidence includes the child's changing residences and schools many times within a few short years, the child's excessive absences from school, the relator's use of alcohol or other intoxicating substances, and the child's need for, but loss of, stability. *See In the Interest of C.M.G.*, 339 S.W.3d 317, 321 (Tex.App.-Amarillo 2011, no pet.) (holding that stability is important to a child's well-being).

In short, the heart of the matter before us involves 1) a disagreement about the quantum of weight that should be assigned to different aspects of the evidence presented below, and 2) the credibility of witnesses. Resolution of those matters lay with the trial court. Our authority to act via a petition for mandamus relief, therefore, is non-existent. We also deny the motion for temporary relief as moot.